IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:10-cv-22895-JLK

RONALD MANGRAVITE,

    Plaintiff,

vs.

UNIVERSITY OF MIAMI,

    Defendant.

_____/

## ORDER GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Counts II and III of Plaintiff's Complaint (DE #7), filed September 7, 2010.[1] After careful consideration and for the reasons set forth below, the Court determines that the motion should be granted.

### I.   Factual Allegations

Plaintiff's claims center on the University of Miami's denial of his academic tenure. According to the Complaint, Plaintiff accepted employment as an assistant professor with the University of Miami School of Communication in 2002. At the time, Plaintiff was age 51. Plaintiff states that part of his motivation for accepting employment as an assistant professor was because of "the promise of tenure."

Soon afterwards, Plaintiff developed, at the direction of his Dean, a tenure plan. The tenure plan prepared by Plaintiff was submitted to and approved by the School of Communication's faculty tenure committee and put in Plaintiff's "tenure portfolio." Compl. ¶ 7.

---

[1] This matter has been well briefed by the parties. Plaintiff filed its Opposition (DE #8) to Defendant's Motion on September 18, 2010, to which Defendant filed a Reply (DE #9) on September 28, 2010. The matter is therefore ripe for determination.

Two years later, Plaintiff amended his tenure plan at the direction of his Dean; the amended plan was also submitted to and approved by the School of Communication and placed within Plaintiff's tenure portfolio. Compl. ¶8. At all times during his employment, Plaintiff complied with his tenure plan.

In 2005, a new Dean was appointed to the School of Communication. Plaintiff recalls that his new Dean made numerous comments regarding the importance of minority faculty members and that older faculty "stood in the way" of younger faculty. Compl. ¶11. Plaintiff believes that the new Dean made these comments in ignorance of Plaintiff's own age. Approximately one year later, Plaintiff stopped coloring his hair, which made him "look his age, which was a dramatic change from his appearance when he colored his hair." Compl. ¶13. Subsequently, the new Dean's demeanor towards him changed and he no longer discussed career advancement with Plaintiff. Compl. ¶14.

Ultimately, even though Plaintiff satisfied all the requirements of his tenure plan throughout the duration of his employment as an assistant professor, the University of Miami denied his tenure application in the 2007-08 year. The following year, Plaintiff was granted a new tenure evaluation, although his application was again denied.

Subsequently, Plaintiff filed an age discrimination claim with the EEOC and, 180 days later, received a "right to sue" letter. He filed this Complaint on August 10, 2010, purporting to state three causes of action: 1) a claim under the Age Discrimination in Employment Act; 2) a claim for breach of contract; and 3) a claim for promissory estoppel. Defendant has moved to dismiss the second and third counts of Plaintiff's Complaint.

II.     **Legal Standard**

"For the purposes of a motion to dismiss, the Court must view the allegations of the

complaint in the light most favorable to Plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom." *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir. 2003). A complaint may be dismissed only if the facts as pleaded fail to state a facially plausible claim to relief. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 560-61 (2007) (abrogating former "unless it appears beyond a doubt that the plaintiff can prove no set of facts" standard and replacing it with a standard requiring "only enough facts to state a claim to relief that is plausible on its face"); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) ("Pleadings must be something more than an ... exercise in the conceivable.") (quoting *United States v. Students Challenging Regulatory Ag. Proc.,* 412 U.S. 669, 688 (1973)). Finally, in analyzing the sufficiency of the complaint, the Court limits its consideration to "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004).

### III. Discussion

Defendant moved to dismiss Plaintiff's breach of contract on the basis that there was no consideration. Additionally, Defendant moved to dismiss Plaintiff's promissory estoppel claim for failure to state a claim. The Court will address each argument in turn.

#### A. Count II: Breach of Contract

According to Defendant, there was no contract between the parties because the tenure plan to which Plaintiff refers was not a binding contract. Namely, Defendant notes that, to make a valid and enforceable, Florida law requires an offer, acceptance, and consideration. According to Defendant, there was a want of consideration here where the tenure plan contained no exchange of promises. *See, e.g., Coastal Chem. Corp. v. Filtrol Corp.,* 374 F.2d 108, 109 (5th

Cir 1967); *Irby v. Memorial Healthcare Group, Inc.*, 901 So. 2d 305 (Fla. 1st DCA 2005). However, Defendant makes no reference to other relevant considerations, such as whether there was offer and acceptance or a meeting of the minds between Plaintiff and Defendant.

Plaintiff would have this Court recognize that the tenure plan constitutes an enforceable contract. However, Plaintiff has failed to attach the tenure plan to his Complaint. Instead, he has attached only a letter he wrote in 2004 amending the tenure plan. The letter is a typed letter from Plaintiff to the Dean of the School of Communication. Therein, Plaintiff explicitly attached "request[ed] revisions to [his] original tenure plan which was approved by the SOC faculty in the [S]pring of 2002." (DE #1, Ex. A). Plaintiff's revisions included three primary changes to his work plan, none of which are relevant here. The letter ended as follows: "Please advise whether these changes are acceptable to you and to the faculty." *Id.* There is no language indicating offer, acceptance, or consideration within this letter. Nor does it indicate an exchange of promises between the parties. Instead, this letter, regardless of whether it was placed into a tenure file, lacks any of the indicia required in the formulation of an enforceable contract.

As such, since the attached letter cannot constitute a contract, this Court is left with only Plaintiff's claim that the tenure plan is itself a contract. However, without attaching a copy of the relevant alleged contract, Defendant cannot recover on its claim for breach of contract. Therefore, the Court will grant Defendant's motion to dismiss without prejudice, although it will require Defendant to produce to Plaintiff the tenure plan relevant to this action. Plaintiff may then amend his Complaint and attach that document as is required.

### B. Count III: Promissory Estoppel

Defendant moves the Court to dismiss Plaintiff's promissory estoppel claim on the basis that Plaintiff did not plead one of the required elements: detrimental reliance. Under Florida law, a plaintiff is required to plead "a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon." *Romo v. Amedex, Ins. Co.*, 930 So. 2d 643, 650 (Fla. 3d DCA 2006) (internal quotation omitted). Defendant claims such allegations are missing from the Complaint.

Upon consideration of Plaintiff's Complaint, the Court agrees with Defendant. The Complaint states that, "[a]s a result of Defendant's change in position and Plaintiff's reliance upon Defendant's original position, Plaintiff's position has changed – namely, he was denied tenure and his employment was terminated." Compl. ¶ 33. While Plaintiff suggests that this allegation satisfies the element of detrimental reliance, it does not. Nor does the statement in the Complaint that one of the "main reasons that Plaintiff [became an assistant professor] was the promise of tenure." Compl. ¶ 5. To plead detrimental reliance, Plaintiff must show that he took some action as a result of Defendant's promise and that, in light of Defendant's promise, that action was ultimately detrimental to Plaintiff. No such allegations are found in Plaintiff's Complaint.[2] Therefore, Count III will be dismissed without prejudice.

### IV. Conclusion

Accordingly, the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that:

---

[2] While Plaintiff now states that Defendant's promise "induced Plaintiff to work seven years as an assistant professor and forego other opportunities," (DE #8 at 7) there was no allegation of such in the Complaint. Because in deciding a motion to dismiss the Court is bound by the four corners of the Complaint, Plaintiff's new allegations cannot be considered at this stage.

1. Defendants' Partial Motion to Dismiss (DE # 7) be, and the same is, hereby **GRANTED**.

2. Count II of Plaintiff's Complaint is **DISMISSED without prejudice** to amend by attaching the relevant documents, which Defendant shall make available to Plaintiff within **ten days** of the date of this Order.

3. Count III of Plaintiff's Complaint is **DISMISSED without prejudice**.

4. If Plaintiff elects to amend his Complaint, he shall do so **within twenty days** of the date of this Order.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 12th day of November, 2010.

_____
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORDIA

Cc:

**Counsel for Plaintiff**
**Paul Bernard Kunz**
Bander & Associates
444 Brickell Ave.
Suite 300
Miami, FL 33131
305-358-5800
Fax: 305-374-6593
Email: paul@bandervisa.com

**Counsel for Defendant**
**Eric David Isicoff**
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
305-373-3232

Fax: 305-373-3233
Email: Isicoff@irlaw.com

**Teresa Ragatz**
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
305-373-3232
Fax: 373-3233
Email: Ragatz@irlaw.com

**Susan Virginia Warner**
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
Email: warner@irlaw.com