## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
**Miami Division**

### Case No. 10-22895-CV-JLK

RONALD MANGRAVITE,

      Plaintiff,

v.

UNIVERSITY OF MIAMI,

      Defendant.

_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendant's Motion for Summary Judgment (DE #22), filed October 7, 2011. Therein, Defendant University of Miami seeks summary judgment on all counts. The Court is fully briefed in the matter.[1] Upon careful consideration of the record and the pleadings, the Court finds it must grant Defendant's Motion.

### I. Background

In the above-styled action, Plaintiff Ronald Mangravite, a communication professor, seeks damages for the alleged wrongful denial of tenure by his former employer, Defendant University of Miami. Specifically, Plaintiff Mangravite claims that Defendant University of Miami wrongfully denied tenure on the basis of Plaintiff's age, as well as in violation of the terms of his employment contract and alleged promises of tenure made on behalf of the University. (Sec. Am. Compl., DE #19). Defendant University of Miami has denied all claims and has filed this instant Motion for

---

[1] Plaintiff filed a Response (DE #28) on October 23, 2011, and Defendant filed a Reply (DE #30) on November 1, 2011.

Summary Judgment. (Ans., DE #20; Def.'s Mot. Summ. J., DE #22). The following facts are undisputed.[2]

Plaintiff Ronald Mangravite became employed as an assistant professor in the University's School of Communication in a regular tenure track position effective January 1, 2002. Defendant University of Miami provided Plaintiff Mangravite with a formal faculty contract stipulating the terms of his employment.

The contract was for a one-year probationary appointment from January 1, 2002 through May 15, 2002. The initial contract was signed by both Plaintiff Mangravite and then-Provost Luis Glaser. The contract provided that Plaintiff Mangravite's probationary period was scheduled to end on June 1, 2008, with final departmental review for promotion and tenure to be initiated by November 15, 2007. In May 2002, and each year thereafter, Plaintiff Mangravite executed another one-year regular tenure track appointment probationary contract. The contracts incorporated the Faculty Manual.

The 2001–2002 Faculty Manual was in effect at the time that Plaintiff Mangravite commenced his employment. The Faculty Manual sets forth the substantive standards and procedures generally employed in decisions affecting reappointment, promotion, and tenure.

At the time Plaintiff Mangravite first joined the University of Miami, the Dean of the School of Communication was Edward Pfister. In 2005, Dead Grogg replaced Dean Pfister.

In 2007, Plaintiff Mangravite first applied for tenure. The School of Communication's tenured faculty met and voted to recommend promotion and tenure. Twenty-two members voted for tenure, and five did not. The Provost voted against promotion and tenure and, by letter dated April

---

[2] The following facts are taken from Defendant University of Miami's Statement of Material Facts (DE #22), Plaintiff Mangravite's response thereto (DE #28), and the Parties' Joint Pretrial Stipulation (DE #31).

2

2, 2008, advised Plaintiff Mangravite of the decision not to award tenure. Plaintiff appealed this decision.

On November 18, 2011, President Shalala advised Plaintiff Mangravite that he would be granted a new review for the award of tenure in January 2009. Ultimately, on March 6, 2009, the Provost advised Plaintiff Mangravite that he did not recommend tenure. Plaintiff Mangravite did not appeal, and his employment with the University ended in May 2009.

On November 30, 2010, Plaintiff Mangravite filed a Second Amended Complaint,[3] asserting claims against Defendant University of Miami for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq. (Count I),[4] breach of the contractual duty of good faith and fair dealing (Count II), and promissory estoppel (Count III). (Sec. Am. Compl., DE #19). The Parties completed almost ten months of discovery on October 5, 2011. Before the Court now is Defendant's Motion for Summary Judgment. (DE #22).

---

[3] Plaintiff Mangravite filed the initial Complaint on August 10, 2010, alleging the same three claims. (DE #1). On November 11, 2010, this Court dismissed without prejudice the claims for breach of the contractual duty of good faith and fair dealing (Count II) and promissory estoppel (Count III), and permitted Plaintiff Mangravite to file an amended complaint. Plaintiff Mangravite filed the First Amended Complaint on November 30, 2010. (DE #14). Then, with the consent of Defendant University of Miami, Plaintiff Mangravite filed the Second Amended Complaint on May 4, 2011. (DE #19).

[4] On October 23, 2011, after the filing of Defendant's Motion for Summary Judgment, Plaintiff Mangravite filed a unilateral Stipulation for Dismissal of Count I, indicating that he intends to proceed only with Counts II and III. (DE #29). Defendant University of Miami objected to the dismissal of Count I, arguing that after the filing of a motion for summary judgment, the plaintiff may dismiss a claim only with the consent of the defendant or upon order of the court. (DE #30, at 2). This Court agrees. Absent a stipulation on behalf of the Defendant or a motion on behalf of the Plaintiff offering a compelling reason why this Court should dismiss Count I, Plaintiff's unilateral stipulation is insufficient to dismiss his claim for age discrimination—a claim that Defendant University of Miami has expended funds to defend for over one year. FED. R. CIV. P. 41. Accordingly, this Order addresses the Parties' arguments with respect to all three counts alleged by Plaintiff in the Second Amended Complaint.

## II. Legal Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex*, 477 U.S. at 323–24.

The moving party bears the burden of pointing to the part of the record that shows the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) (holding that the nonmoving party must "come forward with significant, probative evidence demonstrating the existence of a triable issue of fact.").

"Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts." *Warrior Tombigbee Transp. Co., Inc. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50.

### III. Analysis

Plaintiff Mangravite, a former communication professor at the University of Miami, seeks damages for what he alleges to be a wrongful denial of tenure premised on discriminatory and capricious decisionmaking. Specifically, Plaintiff Mangravite asserts claims against Defendant University of Miami for age discrimination (Count I), breach of the contractual duty of good faith and fair dealing (Count II), and promissory estoppel (Count III). (Sec. Am. Compl., DE #19). With the instant motion, Defendant University of Miami seeks summary judgment on all claims, arguing a lack of any direct or circumstantial evidence of age discrimination, as well as the University's compliance with the written contractual standards for tenure evaluation. Upon careful consideration of the uncontested evidence in the record, along with the Parties' pleadings and arguments, the Court finds Defendant University of Miami is entitled to summary judgment on all counts.

### A. Count I

For Count I, Plaintiff Mangravite asserts a claim of age discrimination in violation of the ADEA, alleging that he was denied tenure and ultimately terminated because of his age. (Sec. Am. Compl. ¶ 22, DE #19). The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To succeed with an ADEA claim, the burden is on the plaintiff to prove that the defendant employer did not award tenure because of his age. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2351–52 (2009); *see also Horn v. United Parcel Serv., Inc.,* 433 Fed App'x 788, 793 (11th Cir. 2011) ("The Supreme Court has recently clarified that a plaintiff must prove that age was the 'but-for' cause for the adverse employment action in order to prevail on a disparate-treatment claim under the ADEA.").

5

To advance past the summary judgment stage, the plaintiff must offer either direct evidence of discrimination or establish a *prima facie* case of age discrimination with circumstantial evidence. *See Pace v. S. Ry. Sys.*, 701 F.2d 1383, 1388 (11th Cir. 1983); *see also Gross*, 129 S. Ct. at 2351 n.4. For a supervisor's comment or demeanor to constitute direct evidence of age discrimination, the comment or action must conclusively show bias that *caused* the adverse result in the workplace. *See Clark v. Coats & Clark, Inc.*, 990 F.2d 1217, 1226 (11th Cir. 1993). A plaintiff who offers circumstantial evidence must establish a *prima facie* case of age discrimination before the burden shifts to the employer to offer a legitimate, nondiscriminatory reason for the plaintiff's termination. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000).

With the instant Motion for Summary Judgment, Defendant University of Miami argues that Plaintiff Mangravite has failed to provide any direct or sufficient circumstantial evidence in support of his age discrimination claim. Along with the Motion for Summary Judgment on the ADEA claim, Defendant University of Miami presents a Statement of Material Facts and cites to evidence on the record, in the form of depositions of Plaintiff Mangravite, Dean Grogg, and Dean Pfister. (Def.'s Statement of Facts ¶¶ 22–26, DE #22; DE #23–25). In Response to Defendant's Motion for Summary Judgment, Plaintiff Mangravite does not refute any of Defendant's arguments, direct the Court to any facts that demonstrate there is an issue for trial, or deny any of Defendant's asserted material facts with respect to the ADEA claim. (Pl.'s Statement of Facts ¶¶ 22–26, DE #28). The Court must now determine whether Plaintiff's failure to controvert Defendant's facts will be fatal Plaintiff's ADEA claim at the summary judgment stage. *See* S.D. Fla. L.R. 56.1(b) ("All material facts set forth in the movant's statement filed and supported as required above will be deemed

6

admitted unless controverted by the opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record.").

### i. *Direct Evidence of Age Discrimination*

In the above-styled action, Plaintiff Mangravite alleges that Dean Grogg used labels, such as "younger faculty." (Sec. Am. Compl. ¶ 11, DE #19). Plaintiff Mangravite also alleges that once he stopped dying his gray hair dark and his age became apparent, "Dean Grogg's demeanor towards Plaintiff changed" and that "Dean Grogg also made several comments about Plaintiff's change of appearance." (Sec. Am. Compl. ¶ 14, DE #19).

In support of the Motion for Summary Judgment, Defendant University of Miami cites a number of cases in support of its argument that these allegations are insufficient to constitute direct evidence of age discrimination. (DE #22, at 13–14). For example, in *Bradley v. Pfizer, Inc.*, the Eleventh Circuit held that a statement by the hiring manager during a preliminary interview that plaintiff did not sound like a "spring chicken" did not constitute direct evidence of age discrimination where the hiring manager recommended plaintiff progress in the interview process, where the hiring manager was not the ultimate decisionmaker, and where there was insufficient evidence that plaintiff was not promoted because of any bias on behalf of the hiring manager. 2011 WL 3962824, at *2 (11th Cir. Sept. 9, 2011).

Here, Dean Grogg's comments and actions are analogous to those in *Bradley*. Like the hiring manager in *Bradley*, Dean Grogg recommended Plaintiff Mangravite for tenure during the 2007–2008 academic year despite the 2006 onset of Plaintiff Mangravite's older appearance. (Def.'s Statement of Facts ¶ 22, DE #22; Grogg Dep. 80:16–81:19, DE #24). Further, in his deposition, Dean Grogg explained that when he used the terms "senior faculty" and "junior faculty," he was

referring to the length of tenure and not to the professors' ages. (Def.'s Statement of Facts ¶ 23, DE #22; Grogg Dep. 82:11–84:21, DE #24). Finally, Dean Grogg testified that his eventual recommendation against Plaintiff Mangravite's tenure had nothing to do with his age. (Def.'s Statement of Facts ¶ 22, DE #22; Grogg Dep. 80:16–81:19, DE #24).

Given the sworn testimony of Dean Grogg on the record, the Court finds that the Defendant's factual statements in defense of Plaintiff's allegations of direct evidence of age discrimination are supported by record evidence. (Def.'s Statement of Facts ¶ 22, DE #22). Accordingly, Plaintiff's failure to deny these facts deems them admitted.

### ii. *Circumstantial Evidence to Establish a* Prima Facie *Case of Age Discrimination*

To establish the typical *prima facie* case of age discrimination, the plaintiff must offer evidence that he "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." *Chapman*, 229 F.3d at 1024. In the Second Amended Complaint, Plaintiff Mangravite, who was 51 at the time of hiring, alleges that despite "receiv[ing] strong reviews from his faculty peers" and the unanimous approval of his tenure application by the Motion Picture Faculty, two less qualified individuals, who were under the age of 40, were granted tenure, while he was not. (Sec. Am. Compl. ¶¶ 5, 16, 18, DE #19). To proceed to trial, the record must contain evidence in support of Plaintiff Mangravite's allegations.

In the Motion for Summary Judgment, Defendant University of Miami concedes that Plaintiff Mangravite can establish that he was a member of the protected age class and that he was subjected to adverse employment action when he was denied tenure. (DE #22, at 16). Defendant University of Miami argues nevertheless that Plaintiff Mangravite cannot establish a *prima facie* case of age

8

discrimination because of the dearth of evidence on Plaintiff Mangravite's sufficient qualifications for tenure and the alleged underqualifications of similarly-situated individuals who were offered tenure. (DE #22, at 13–16). In support of these arguments, Defendant University of Miami directs the Court to the sworn testimony of Dean Grogg and Dean Pfister. (DE #22 ¶¶ 21, 25). Plaintiff Mangravite does not contest these assertions of fact. (DE #28 ¶¶ 21, 25).

For instance, Dean Grogg testified that the Provost did not recommended tenure because, after a full review on two different occasions, it was determined that Plaintiff Mangravite was unqualified for tenure because of the overall weakness of his scholastic record. (Grogg Dep. 78:9–79:9, De #55). Further, Dean Pfister testified that Dia Kontaxis, one of the creative professors awarded tenure, was *more* qualified for tenure than Professor Mangravite and that Christina Lane, the other professor awarded tenure,  was a traditional scholar who simply could not be compared to a creative person. (Pfister Dep. 114:16–22, 116:8–13, DE #25).

Upon consideration of the sworn testimony cited by Defendant and the facts admitted by the Plaintiff, the Court finds that Defendant University of Miami, as the moving party, has met its burden to demonstrate the absence of a genuine issue of material fact with respect to the ADEA claim. *See Adickes*, 398 U.S. at 157. Further, the Court finds that Plaintiff Mangravite has failed to go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial" concerning the ADEA claim. *See Celotex*, 477 U.S. at 324. Accordingly, the Court finds that Defendant University of Miami is entitled to summary judgment on the ADEA claim.

### B. Count II

Count II of Plaintiff Mangravite's Second Amended Complaint is a claim for breach of a

contractual duty of good faith and fair dealing. Plaintiff Mangravite argues that Defendant University of Miami breached the implied covenant of good faith and fair dealing when it allegedly failed to adhere to the tenure plan and arbitrarily applied a higher standard of full professor review to Plaintiff Mangravite's tenure application, thereby depriving Plaintiff of his reasonable contractual expectation that the Defendant University of Miami would apply the lower associate professor standard of review and grant tenure upon completion of the tenure plan. (DE #28, at 13, 17). In the Motion for Summary Judgment, Defendant University of Miami argues that Plaintiff Mangravite cannot pursue a breach of a contractual duty of good faith and fair dealing claim absent a breach of a specific contractual obligation. (DE #22, at 21).

The "implied covenant of good faith and fair dealing is designed to protect the contracting parties' reasonable expectations." *Cox v. CSX Intermodal, Inc.*, 732 So. 2d 1092, 1097 (Fla. Dist. Ct. App. 1999). "A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation." *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005). "[The Eleventh Circuit] has held that a claim for a breach of implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract." *Id.* at 1152.

In the above-styled action, the only alleged contractual breach identified in Plaintiff Mangravite's Complaint is a provision in the Faculty Manual to the effect that, at the time of the initial appointment, he was entitled to be advised in writing by the Executive Vice President and Provost of the substantive standards and procedures generally employed in decisions affecting promotion and tenure. (Sec. Am. Compl. ¶ 29, DE #19). Plaintiff Mangravite contends that the

10

Provost never provided him with these the substantive standards and procedures in writing, thereby rendering Defendant University of Miami in breach of contract. (Mangravite Aff. ¶ 2, DE #28-4). It is uncontested, however, that Defendant University of Miami did in fact provide Plaintiff Mangravite with the substantive standards and procedures for tenure in writing.

As set forth in Defendant University of Miami's Statement of Material Facts, at the time of his initial appointment, Plaintiff Mangravite was provided with an employment contract that was signed, on behalf of the University, by then-Provost Luis Glaser, which expressly and in bold print advised that Plaintiff's rights and duties as a faculty member were set forth in the Faculty Manual. (DE #22 ¶ 4; DE #28 ¶ 4 ). It is undisputed that Plaintiff Mangravite was provided with a copy of the Faculty Manual. (Mangravite Dep. 23:6–23; DE #22 ¶ 4; DE #28 ¶ 4 ). It is also undisputed that the Faculty Manual is the document that sets forth the substantive standards and procedures that generally are employed in decisions affecting tenure. (DE #22 ¶ 4; DE #28 ¶ 4 ).

Upon careful consideration of the record and the pleadings, the Court finds no evidence in the record of any express contractual duty, including the duty to provide Plaintiff Mangravite with the substantive standards and procedures for tenure in writing, that has been breached by the University so as to permit a claim for breach of the duty of good faith and fair dealing. Accordingly, summary judgment is granted on Count II.

## C. Count III

As an alternative to the claim for breach of the contractual duty of good faith and fair dealing set forth in Count II, Plaintiff Mangravite has asserted a claim for promissory estoppel in Count III. The basis of Plaintiff Mangravite's promissory estoppel claim is that Dean Pfister advised him to devise his own tenure plan that, once approved, would constitute the requirements for tenure and

that, if he complied with those requirements, he would be granted tenure. (Sec. Am. Compl ¶¶ 36, 37, DE #19). In reliance on Dean Pfister's representations, Plaintiff Mangravite alleges that he "passed on" various other opportunities at other universities. (Sec. Am. Compl ¶¶ 38, DE #19).

"The elements required to establish promissory estoppel liability under Florida law are: (1) a promise made by the promisor; (2) 'which the promisor should reasonably expect to induce action or forbearance on the part of the promisee,' (3) that in fact induced such action or forbearance, and that (4) 'injustice can be avoided only by enforcement of the promise.'" *White Holding Co., LLC v. Martin Marietta Materials, Inc.,* 423 Fed. App'x 943, 947 (11th Cir. 2011) (quoting *W. R. Grace & Co. v. Geodata Servs., Inc.,* 547 So. 2d 919, 924 (Fla. 1989)). As a threshold matter, the law is clear that "promissory estoppel is not available as a remedy when the parties have a written contract addressing the relevant issues. *Id.* (citing *Advanced Mktg. Sys. Corp. v. ZK Yacht Sales,* 830 So. 2d 924, 928 (Fla. Dist. Ct. App. 2002)).

Here, it is uncontested that Plaintiff Mangravite's employment with Defendant University of Miami was governed by annual contracts, each of which expressly incorporated the Faculty Manual. (DE #22 ¶¶ 2, 13; DE #28 ¶¶ 2, 13). It is also uncontested that the Faculty Manual set forth both the substantive and procedural requirements for achieving tenure and governed every step of the tenure process. (DE #22 ¶ 4; DE #28 ¶ 4 ). Under these circumstances, where a written contract addresses the relevant issues—in this case, the pursuit of tenure—the remedy of promissory estoppel is unavailable, as a matter of law, to contest Defendant University of Miami's decision to deny Plaintiff Mangravite tenure. *See White Holding Co., LLC,* 423 Fed. App'x at 947. Therefore, in light of the existence of a governing written contractual provision, the Court finds it must grant summary judgment on the issue of promissory estoppel.

Accordingly, having considered the Parties' filings and being otherwise advised, it is

hereby **ORDERED, ADJUDGED, and DECREED** as follows:

1.     Defendant's Motion for Summary Judgment (**DE #22**) be, and the same is hereby,

        **GRANTED**.

2.     The Pretrial Conference scheduled for December 9, 2011 at 9:00 a.m. and the

        Trial scheduled for the two-week trial period of February 21, 2011 are hereby

        **CANCELED**.

3.     The Clerk shall **CLOSE** this case. The Court retains jurisdiction to consider

        motions for costs and fees, if any.

4.     All pending motions are **DENIED as moot**.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice

Building and United States Courthouse in Miami, Florida on this 9th day of December, 2011.


JAMES LAWRENCE KING
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

13

**cc:**

***Counsel for Plaintiff***

**Paul Bernard Kunz**
Bander & Associates
444 Brickell Ave.
Suite 300
Miami, FL 33131
305-358-5800
Fax: 305-374-6593
Email: paul@bandervisa.com

***Counsel for Defendant***

**Eric David Isicoff**
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
305-373-3232
Fax: 305-373-3233
Email: Isicoff@irlaw.com

**Teresa Ragatz**
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
305-373-3232
Fax: 373-3233
Email: Ragatz@irlaw.com

**Susan Virginia Warner**
Isicoff Ragatz & Koenigsberg
1200 Brickell Avenue
Suite 1900
Miami, FL 33131
Email: warner@irlaw.com